UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Hazel McLaughlin

                                      Plaintiff,

          -against-

                                  **COMPLAINT**

THE CITY OF NEW YORK, NYPD Officer
Brian Martin (Shield No. 6991, Tax Reg. No:
930563); John & Jane Does,
Individually and as supervisory officers of the
New York City Police Department,
the identity and number of which is unknown.

                                  **JURY TRIAL**
                                  **DEMANDED**

                            Defendants.
-----------------------------------------------------------------------X

        Plaintiff, Hazel McGloughlin, by her attorney, Glenn A. Wolther, as and for her

complaint alleges as follows:

1.      This is a civil rights action for damages and other relief brought pursuant to 42

       U.S.C. §§ 1981, 1983, 1988, for violations of the Fourth, Sixth, and Fourteenth

       Amendments to the United States Constitution, and the Laws of the State of New

       York, against police officers and personnel of the Police Department of the City

       of New York ("NYPD") and the City of New York ("NYC").

**Jurisdiction & Venue**

2.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3). Jurisdiction to grant a

       declaratory judgment is conferred by 28 U.S.C. §§2201-2202 and Rule 57 of the

       Federal Rules of Civil Procedure.

3.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly laid in this District in that the defendant NYC resides within this district and the events occurred within this District.

4.    An award of costs and attorneys fees is authorized pursuant to 42 U.S.C § 1988.

**Parties**

5.    Plaintiff, Hazel McLaughlin a black female, is a resident of New York City. She was 69 years old at the time of the incident.

6.    At all times material herein, the defendant NYC, was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funding.

7.    At all times material hereinafter mentioned, Defendant Brian Martin, (Shield No. 6991); ("Martin") was assigned to the 75th Precinct of the NYPD and is a police officer employed, trained, retained by NYC and the NYPD at the 75th Precinct in New York County. Plaintiff brings this action against Martin in his personal and official capacities.

8.    John and Jane Does are members of the NYPD. (Collectively, martin and all John and Jane Does, are the "NYPD Defendants")

9.    Upon information and belief, the NYPD Defendants, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Officers of higher ranks. They are sued in both their official and individual capacities, and as Police and Supervisory Officers and Members of the NYPD.

10.   At all times material hereinafter, the NYPD Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers and employees of NYC and the NYPD.  All of the NYPD Defendants actions described herein are within the scope of their employment.  The NYPD Defendants are State Actors.

11.   Under the Charter of the City of New York, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action

**Facts**

12.   On August 10, 2012, plaintiff, Hazel McLaughlin, was lawfully present within her residence located at 700 Euclid Avenue, Apartment 5-D, in Brooklyn, New York (the "Apartment") which is located within New York City Housing Authority's, Cypress Hills Housing complex.

13.     At approximately 6:30 a.m. the NYPD Defendants, including but not limited to Martin, forcibly entered the Apartment. The entry was made without the Plaintiffs' permission or consent and upon information and belief, any other persons consent.

14.     Plaintiff was unlawfully and unjustly stopped, searched, seized, arrested, subject to criminal process and charged claimant with violating Penal Law §221.05 (NYPD "Desk Appearance Ticket" No.: 075-01208) by the NYPD members present.

15.     Adequate identification was available for the Plaintiff in the Apartment. Moreover, the NYPD members present knew that the Plaintiff, who was a 69 year old female was not the young male who they claimed to be looking for.

16.     Upon information and belief, a warrant for to the search of the Apartment was issued without obtained without probable cause to support it.

17.     As a result of the NYPD Defendants' entry into the Apartment, the Plaintiff did not feel free to leave, and, in fact, was not free to leave.

18.     Plaintiff was seized by the NYPD members that were present within the Apartment.

4

19.     The entry into and search of the Apartment was one in a ongoing series of improper, abusive, and unreasonable forced entries and searches in to Plaintiff's home by members of the NYPD.

20      Upon information and belief, no probable cause existed to justify the seizure or detention of the Plaintiff. The NYPD Defendants that were members present knew that Plaintiff was not the individual they were looking for, yet never the less, unreasonably seized, confined, unreasonably detained, arrested, and charged her with possession of Criminal Possession of marijuana, New York, Penal Law §221.05.

21.     At no point had Plaintiff violated any Federal, State, or local law, nor was there any reasonable basis for the NYPD Defendants present to believe that Plaintiff had committed a crime or violation.

22.     Upon information and belief the NYPD Defendants' actions were taken without authority, legal justification, reasonable suspicion, or probable cause. The NYPD Defendants had no arrest warrant for Plaintiff. At no time did probable cause exist to justify the NYPD Defendants' seizure and detention of the Plaintiff.

23.   Plaintiff was removed from the Apartment and transported to the 75th precinct station house.

24.   Upon information and belief, it has long been a *de facto* policy or custom *defacto* NYPD and NYC for members of the NYPD to arrest and charge all persons who are within a public housing unit, such as the Apartment, when executing a warrant and any contraband is found, regardless of individualized suspicion and /or probable cause and regardless of the reasonableness of the time of the detention.

25.   Following the NYPD Defendants who were present seizure of the Plaintiff  she remained continually confined while she was unlawfully transported, via a police vehicle, to the 75th police precinct station house.

26.   Following the issuance of a Desk Appearance Ticket, Plaintiff was required to appear at Criminal court on September 11, 2012.  At that time no paperwork had been filed and to date no paper work has ever ben filed by teh NYPD with the Court on the Penal law §221.06 charge.

27.   Upon information and belief,  all of the above actions were made possible by the NYC's negligent training and negligent supervision of the NYPD Defendants. The NYPD Defendants should have been properly trained regarding the law and procedures for:  the legal bases for seizing, detaining, and searching for a person in an apartment; executing and effectuating a search or arrest warrant, and

ensuring that the persons federal constitutional, statutory, and common law rights are protected.

## FIRST CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST INDIVIDUAL DEFENDANTS

28.    Plaintiff repeat and realleges each and every allegation contained in paragraphs 1 through 27 as if repeated fully herein.

29.    The NYPD Defendants violated, conspired to violate, acting in a joint venture to violate, and aided and abetted on another in the violation of Plaintiff's clearly established and well-settled federally protected rights:

    (a)    To be free of unreasonable search and seizure of her person and effects, by police officers acting under color of law;

    (b)    To be free from unlawful warrantless seizure or arrest by police officers acting under color of law;

    (c)    To be free from false imprisonment by police officers acting under color of law;

    (d)    To be free from malicious prosecution by police officers acting under color of law;

    (e)    To be free from having police officers fabricate evidence against him and transmitting that evidence to the District Attorney/ Prosecutor's office/ while acting under color of law;

(f)    Not to be deprived of liberty without Procedural and / or Substantive Due Process of Law;

(g)    Not to be deprived of his right to a fair trial by police officers acting under color of law;

(h)    Not to be deprived of equal protection under the law, and not to be deprived of any right or privileges of a citizen, by police officers acting under color of law; and

(i)    To be free from discrimination based upon race by police officers acting under color of law.

28.    The acts and conduct described herein deprived the plaintiff of her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 2000(d), and 3789(d) in violation of and 42 U.S.C. §§1981, 1983, 2000(d), 3789d(c):

(a)    To be free of unreasonable and warrantless search and seizure of her person, home, and effects, by police officers acting under color of law;

(b)    To be free from unreasonable detention;

(c)    To be free from false arrest;

(d)    To be free from unreasonable application and execution of a search and or arrest warrant;

(e)    Not to be deprived of liberty without due process of law;

(f)    Not to be deprived of the right to privacy;

8

(g)     To be from a reckless investigation regarding probable cause for seizure.

(h)     To be free from racial discrimination;

(i)     To equal protection of the laws; and,

(j)     To be deprived of the substantive due process right to familial association.

29.     The acts and conduct of NYPD Defendants described above was intentional,
wanton, malicious and oppressive and/or deliberately indifferent to the rights and
welfare of the Plaintiff.

30.     As a direct and proximate result of the defendants' acts described above,
defendants have caused plaintiff to suffer deprivation of her liberty,
emotional injury, and other damages.

## SECOND CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST SUPERVISORY DEFENDANTS

31.     Plaintiff repeats and reallege each and every allegation contained in
paragraphs 1 through 30 as if repeated fully herein.

32.     Upon information and belief, Martin and the other Supervisory John and Jane
Does NYPD Defendants

failed to supervise, monitor, train and discipline the NYPD Defendants under

their respective commands.

33.    Upon information and belief, martin and the other Supervisory John and Jane

Does NYPD Defendants have shirked their duty to ensure that NYPD members

under their control, and accountable to them, do not engage in civil rights

violations and unlawful conduct.

34.    Upon information and belief, the acts and conduct of defendants described above

was intentional, wanton, malicious and oppressive.

35.    As a direct and proximate result of the defendants' acts described above,

defendants have caused Plaintiff to suffer deprivation of her liberty, emotional

injury, and other damages.

## THIRD CAUSE OF ACTION MONELL CLAIM – FOURTH and FOURTEENTH AMENDMENT

36.    Plaintiff repeats and realleges, each and every allegation contained in

paragraphs 1 through 35 as if repeated fully herein.

37.    Upon information and belief, the acts and conduct complained of herein resulted

in part from a *de facto* policy or custom of the defendant NYC, implemented by

10

employees of NYC, in the execution of warrants in public housing projects to seize, to detain civilians without legally sufficient justification, for unreasonable amounts of time, in a racially discriminatory manner. NYC has also allowed the seizing of persons to reach productivity goals/ arrest quotas in which NYC has acquiesced in and ratified widespread unlawful practices by NYPD. Further, the acts and conduct complained of herein resulted in part from a *de facto* policy or custom of NYC, implemented by the NYPD and/or the police officers of the NYC, to allow police officers to work without proper levels of supervision and not properly investigate complaints of similar misconduct or discipline NYPD members regarding such complaints and other information it has been made aware of.

38.  Upon information and belief, the defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

39.  Upon information and belief, said acts by said defendants were without authority in law, and were in abuse of their powers. Said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of her constitutional rights.

40.  Upon information and belief, as a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers and NYC has tacitly

11

authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

41.   As a direct and proximate result of the defendants' acts described above, defendants have caused Plaintiff suffer deprivation of her liberty, emotional injury, and other damages.

## JURY DEMAND

42.   Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a trial by jury.

**WHEREFORE**, plaintiff demands judgment and pray for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory damages in an amount to be determined by a jury;

(b) punitive damages in an amount to be determined by a jury;

(c) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(d) such other and further relief as appears just and proper.

And the following relief against the municipal defendant NYC in its official capacity:

(a) Assume jurisdiction over this matter, and grant a declaratory judgment as pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57, that defendants' execution of the warrant violated Plaintiff's rights under Section 150.75 *et seq* of the New York Criminal Procedure Law;

(c) full and fair compensatory damages in an amount to be determined by a jury;

(d) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(e) such other and further relief as appears just and proper.


Dated: New York, New York
       August 10, 2015



                                          Glenn A. Wolther
                                          *Attorney At Law*
                                          305 Broadway, Suite 1102
                                          New York, New York 10007
                                          Tel: (212) 964-2120
                                          *Attorney for Plaintiff*

13